**WO**                                                                                    SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Robert Anthony Garcia, Sr.,                    )    No. CV 12-0028-PHX-JAT (MHB)
                                               )
              Plaintiff,                       )    **ORDER**
                                               )
vs.                                            )
                                               )
Sergeant Drake, et al.,                        )
                                               )
              Defendants.                      )
_____ )

          Plaintiff Robert Anthony Garcia, Sr., who is confined in the Lower Buckeye Jail in
Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which
the Court dismissed for failure to state a claim with leave to amend.  (Doc. 1.)  Plaintiff filed
a First Amended Complaint, which the Court also dismissed for failure to state a claim with
leave to amend..  (Doc. 7, 8.)  Plaintiff has filed a Second Amended Complaint.  (Doc. 11.)
The Court will dismiss the Second Amended Complaint for failure to state a claim and this
action.[1]

**I.     Statutory Screening of Prisoner Complaints**

          The Court is required to screen complaints brought by prisoners seeking relief against
a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
be granted, or that seek monetary relief from a defendant who is immune from such relief.

---

          [1] Plaintiff filed two other civil rights cases that appear to be related to the events at
issue in this case.  Garcia v. Glendale Police Dep't, No. 11-2260-PHX-JAT (MHB), and
Garcia v. Miller, No. 11-2262-PHX-JAT (MHB).

1   28 U.S.C. § 1915A(b)(1), (2).

2       A pleading must contain a "short and plain statement of the claim *showing* that the

3   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

4   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

5   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

6   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

7   statements, do not suffice."  Id.

8       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

9   claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

10  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

11  that allows the court to draw the reasonable inference that the defendant is liable for the

12  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

13  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

14  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

15  allegations may be consistent with a constitutional claim, a court must assess whether there

16  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

17      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

18  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

19  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

20  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

21  94 (2007) (*per curiam*)).

22  **II.   Second Amended Complaint**

23      Plaintiff alleges four counts for denial of medical care, denial of the right to petition

24  for redress of grievances, retaliation, and denial of access to the courts.  He sues Maricopa

25  County Sheriff's Office (MCSO) Sergeants Drake, Moore, and Wade; Psychiatrist Gina

26  Drew; and Detention Officer Dun.  Plaintiff appears to seek injunctive and punitive relief.

27      In the Second Amended Complaint filed in this case, Plaintiff alleges the following:

28  on October 27, 2010, Glendale Police Officers used excessive force against Plaintiff and

injured him.  Plaintiff was taken to Maryvale Hospital, where he was x-rayed and found to have a broken humerus.  Glendale officers insisted that Plaintiff be released from the hospital so that he could be booked into the Maricopa County Jail, but a nurse told the officers that once Plaintiff was booked, he should be promptly taken to Maricopa County Hospital for surgery.  She also provided the officers with a manilla envelope containing a compact disc with Plaintiff's x-rays and prescriptions.  After Plaintiff was booked into Maricopa County's Fourth Avenue Jail, he was not taken to the hospital for treatment.  Further, the manilla envelope with Plaintiff's medical records was lost, although the prescriptions were found in Plaintiff's property when he bonded out.  Plaintiff was held in the Maricopa County Jail for two weeks before he was taken to Maricopa County Hospital, where new x-rays were taken.  Plaintiff thereafter posted bond without ever having received surgery.

**III.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  Negligence is not sufficient to state a claim under § 1983.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  Further, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

In addition, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658,

691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

### A.    Count I

Plaintiff designates Count I as a claim concerning medical care and violation of due process or the right to be heard.  Plaintiff recites the facts summarized above, but he does not allege any facts against any Defendant concerning medical care.  In Count I, Plaintiff only asserts allegations against one Defendant, Sergeant Drake, concerning the handling of Plaintiff's grievances.  Accordingly, the Court construes Plaintiff's allegations in Count I as a claim for violation of his right to petition for redress of grievances.

"There is no legitimate claim of entitlement to a [jail] grievance procedure."  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  But if there is an established grievance procedure, the denial of access to the grievance process *may* state a constitutional violation.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated on other grounds by Shaw v. Murphy, 532 U.S. 223 (2001); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  The "government" to which the First Amendment guarantees a right to petition for redress of grievances includes jail authorities.  Hall, 64 F.3d at 1279 (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)).  It does not, however, entitle a prisoner to a particular resolution of a grievance.

In Count I, Plaintiff alleges the following: at some point, he submitted a medical grievance and received two responses, which did not resolve the issue.  Defendant Drake

1   blamed the Glendale Police Department for failing to forward Plaintiff's medical records.
2   Drake refused to sign grievances and prolonged the grievance process.

3   The above allegations reflect that Plaintiff was dissatisfied with the handling of his
4   grievances. Plaintiff does not allege facts, including when and how, Drake or anyone else
5   denied him access to an available grievance system. Accordingly, Plaintiff fails to state a
6   constitutional violation in Count I and it will be dismissed.

7   **B.   Count II**

8   Plaintiff designates Count II as a claim for retaliation. To state a constitutional claim
9   for retaliation, a plaintiff must allege that a defendant acting under color of state law took
10  adverse action against him because he engaged in protected conduct, the adverse action was
11  not narrowly tailored to advance legitimate goals, and the adverse action chilled the
12  plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal
13  harm. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez,
14  108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that
15  the prison official acted in retaliation for the exercise of a constitutionally-protected right,
16  and (2) that the action "advanced no legitimate penological interest").

17  Plaintiff alleges the following in support of Count II: Sergeant Dun retrieved
18  grievance complaints Plaintiff submitted against Sergeants Drake and Wade "to witch [sic]
19  5g+ Dun Received them then the next day came back only to [confiscate] my copys [sic] to
20  show no existence." (Doc. 11 at 4.) Plaintiff continues:

21      Sgt Wade earlier also [confiscated] some of my grievan[c]es in the hall way
        at 4th ave jail and stated these grievances never existed. To [which] my due
22      grievances were on medical on Count I. Defendant Moore also took some of
        my gr[e]ivances and failed to give me my copy upon sub[mission] and
23      returned with only a few while the rest never continued in the process. Sgt
        Dun when [confiscating] my issued cop[ies] threaten[e]d to cuff me and if I
24      refused to turn over my copies of grievances that were on the following stated
        Sgts Drake, Moore, Wade. This is the ta[c]tical way of how Sgt den[ied] me
25      due process to [which] I am not even sentenced. These Sgts refused accepting
        my grievances on a timely manner and blant[ant]ly bent the process of
26      prot[ocol] to dictate what can go in/and what can not and den[y]ing me due
        process. Confiscation and corrupt and deceitful Sgts does rise to the level of
27      a const[itutional] violation. The courts must recognize the lies that are taking
        place at 4th ave jail with Sgt Drake, and Moore and failure of due process.

28

(Id.)

Plaintiff appears to complain about the confiscation of his copies of grievances. Even if true, such confiscations, absent more, do not rise to the level of a constitutional violation. Plaintiff otherwise appears to complain of delays or non-compliance with the grievance procedures, but he fails to allege facts to support when and how anyone failed to comply with those procedures. Moreover, Plaintiff does not allege facts to support that he was denied access to an available grievance process. Otherwise, Plaintiff fails to allege that copies of grievances were confiscated in retaliation for Plaintiff exercising a constitutionally-protected right rather than, for example, abuse of the Jail grievance process. Accordingly, Plaintiff fails to state a claim in Count II and it will be dismissed.

### C.    Count III

Plaintiff designates Count III as a claim for retaliation based on the following allegations: On June 4, 2012, Sergeants Drake and Moore did not give Plaintiff the opportunity to sign or "look at" a grievance

> [b]ecause I refused to sign one grievance due to no signatures again. Therefor Drake/Moore just assumed I would refuse the next. Again taking away from fair due process. This was to psysic [sic] to [which] again I did not need medical care or did the jail need access to my files. Drake [coerced] me into signing that I did need to sign to [which] I told him no several times. He done [sic] this to maintain a hold of my records and to state to district court I gave [permission] to [which] the grievan[c]e was on the jail being the 3rd Further violating dr + patient con[fidentiality]. This is how 4th ave jail works all signatures are considered void due two [sic] the jail entit[ies] violating and us[]ing dec[eit] to maintain conted [sic], illegally, legal. The courts must interv[e]ne due to I am reporting officers that are not honest and will lie for [survival]. Drake & Moore verbally har[]assed me, lied, tricked me into signing acknowledgment by ways of saying "it like receiving a package" "for me to sign then read" us[]ing blocking methods, and us[]ing the fact Im on prot[ocol] that Im receiving better access to grievance proced[ure], this really being denied putting [illegible] in [illegible] are in proper cause.

(Doc. 11 at 5.)

To the extent that Plaintiff asserts verbal abuse or harassment, he fails to state a claim. Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)). The Court is otherwise unable to discern facts to support that Defendants Drake or Moore retaliated against Plaintiff for engaging in constitutionally-

protected conduct.  Accordingly, Count III will be dismissed for failure to state a claim.

### D.      Count IV

Plaintiff designates Count IV as a claim for retaliation and denial of access to the courts.  Plaintiff alleges the following:

> I put in another gr[ie]vance to psy[chiatric] care, [which] was returned to me. I resubmitted gr[ie]vance and was seen by psychiatric staff, after weeks went by, Plaintiff sign an institutional gr[ie]vance to go external but Gina Drew, never gave me my cop[ies] I mentioned this to her.  She said I would get it in the mail.  After severa[l] weeks lat[]er I received it back in the inmate mail so I proceeded to write the external gr[ie]vance and attach the copy Gina Drew had [or made].  And Sgt Drak[e] and Sgt Moore would not take it.  Stating I already signed it and its out of time frame.  Again reasons for prot[ocol] is to handle gr[ie]vances due to the severity of amount and eliminate time limits. To [which] is a lie.  Because of these Det Sgt lies and corrupt methods all signatures of mine up to this date are consid[er]ed void and mute.

(Doc. 11 at 6.)

Plaintiff fails to allege the dates when the above events occurred.  To the extent that the Court is able to discern what Plaintiff is attempting to allege, he appears to assert that Drake and Moore refused to accept an untimely grievance or grievance appeal.  That does not amount to retaliation for exercising his constitutionally-protected rights or deny him access to an available grievance procedure.

Plaintiff also designates Count IV as a claim for denial of access to the courts.  The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents.  Lewis v. Casey, 518 U.S. 343, 350 (1996).  That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court.  Id. at 354; see also Cornett v. Donovan , 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.")  The right "guarantees no particular methodology but rather, the conferral of a capability– the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.  Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action.  Id. at

351-53.  That is, an inmate must establish that he suffered an "actual injury" when he alleges a denial of access to the courts.  See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present.  Id. at 351-53. A plaintiff "must identify a nonfrivolous, arguable underlying claim," and this underlying claim "must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

Plaintiff fails to allege facts to support that he was denied the ability to bring petitions or complaints to court.  Indeed, Plaintiff has filed several federal cases, including this one. Moreover, Plaintiff fails to allege an actual injury.  He does not allege facts to support that any Defendant's conduct prevented him from bringing a non-frivolous claim, including a nonfrivolous, underlying claim.  Accordingly, Plaintiff also fails to state a claim for denial of access to the courts.  Therefore, the Court will dismiss Count IV for failure to state a claim.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's

Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 11) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 30th day of August, 2012.

James A. Teilborg
United States District Judge

- 9 -